UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LEE,

        Petitioner,

v.          Case No. 5:02-cv-83

KURT JONES,          Hon. Wendell A. Miles

        Respondent.
_____/

ORDER

Petitioner, Ronald Lee, filed a Petition for Reconsideration (docket #57) asking the court to reconsider its order dated February 22, 2008, adopting the Magistrate Judge's report and recommendation and denying Petitioner's Petition for Writ of Habeas Corpus.

Petitioner was employed by the victim to do lawn maintenance. A dispute arose regarding money Petitioner claimed he was owed by the victim. Later, the victim was found at his home by his daughter-in-law. He had been severely beaten and his pockets turned inside out, and the telephone lines were cut. At the scene, the victim told his daughter-in-law, a neighbor, and the responding detective that his "lawn boy" was the perpetrator. While he was recuperating in the hospital, he made the same statement to his daughter, and also identified Petitioner in a picture line-up. There was testimony that prior to his beating, the victim referred to Petitioner as his yard boy. The victim died approximately one month later. Petitioner was charged and convicted of armed robbery.

In his habeas petition, he raised claims for relief of (1) sufficiency of the evidence, (2) confrontation clause violation, (3) Sixth Amendment violation with regard to the pre-custody

picture line-up, (4) ineffective assistance of trial counsel, (5) sentencing errors, and (6) Sixth Amendment sentencing errors.  The Magistrate Judge concluded that the claims had no merit, and after reviewing the record, the court agreed.  Petitioner now states his objections to the court's decision as follows:

> A. [The court's] ruling is not based upon a sound factual premise, in that materially relevant factors presented by Petitioner were not addressed and considered during both the state collateral appeals and the federal habeas corpus proceeding;
>
> B. Issues of this Court's ruling - sans any evidentiary hearing(s), and without developing testimonial record on the materially relevant facts and circumstances presented by Petitioner supporting his meritorious claims of error – not previously made part of the record of this case as a whole, has had a profound and significant prejudicial effect towards the factual and legal premise upon which this Court has ruled;
>
> C. Other reasonable jurist(s), or panel of jurists, upon consideration of all facts and circumstances relevant to Petitioner's claims, would arrive at a different disposition requiring habeas relief on the claims presented.

The Sixth Circuit has made it clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380); see Howard v. Sec. of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991) (stating that a general objection to a magistrate judge's report and recommendation which fails to specify the issues of contention, does not satisfy the requirement that an objection be

filed). The rules are, of course, tempered by the principle that pro se pleadings are to be liberally construed, but a pro se litigant must still comply with the procedural rules of the court." McNeil v. United States, 508 U.S. 106, 113 (1993).

Petitioner has failed to identify what "materially relevant factors" this court failed to consider when analyzing his claims for relief. Nor has he offered any support for his conclusory statement that other jurists would have arrived at a different disposition. He appears to argue that he was entitled to an evidentiary hearing to develop "materially relevant facts" not "previously made part of the record." However, not every set of non-frivolous allegations entitles a habeas corpus petitioner to an evidentiary hearing. Blackledge v. Allison, 431 U.S. 63, 80 (1977). The decision whether to order an evidentiary hearing to settle disputed issues of material fact is discretionary with the Court. See Rule 8(a), RULES GOVERNING § 2254 CASES (directing judge to make determination of whether evidentiary hearing is required). Habeas corpus actions are generally determined on the basis of the record made in the state court. See Rule 8, RULES GOVERNING § 2254 CASES IN THE DISTRICT COURT. Under the habeas statute, a petitioner who has failed to develop the factual basis of a claim in state court proceedings is not entitled to a hearing unless he shows that his claim relies on a "new rule of constitutional law, made retroactive . . ." or a "factual predicate that could not have been previously discovered through the exercise of due diligence," 28 U.S.C. § 2254(e)(2)(A), and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2254(e)(2)(B). [B]ald assertions and conclusory allegations do not provide sufficient grounds . . . to require an evidentiary hearing." Stanford v. Parker, 266 F.3d

442, 459 (6th Cir. 2001).  Petitioner has not specified which of his claims for relief warranted an evidentiary hearing, what could be discovered through an evidentiary hearing, or why the facts could not have been discovered through the exercise of due diligence.  Accordingly, Petitioner has not demonstrated that he was entitled to an evidentiary hearing.

The federal district court is not a forum for retrying a state criminal case.  This court may grant a petition for writ of habeas corpus only if the petitioner shows that the state court decision on his claim was contrary to, or an unreasonable application of, Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  After reviewing the Magistrate Judge's report and recommendation and the state court record, the court agreed with the Magistrate Judge's conclusion that Petitioner's claims had no merit.  In his present objection, Petitioner has reiterated his earlier arguments, but has failed to show how the decision on each, or any, of Petitioner's claims met this standard.  Therefore,

The court DENIES Petitioner's Petition for Reconsideration (docket #57).


So ordered this 2nd day of May, 2008.

                                         /s/ Wendell A. Miles
                                         Wendell A. Miles
                                         Senior U.S. District Judge