UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LEE,

        Petitioner,

v.	Case No. 5:02-cv-83

KURT JONES,	Hon. Wendell A. Miles

        Respondent.
_____/

ORDER DENYING CERTIFICATE OF APPEALABILITY

The court denied Petitioner's Petition for Writ of Habeas Corpus on February 22, 2008, and his Motion for Reconsideration on March 17, 2008. Petitioner filed a Notice of Appeal on March 24, 2008. "If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b)(1).

A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio, 263 F.3d 466 (6th Cir. 2001). Rather, to determine whether a certificate is warranted, the district court must "engage in a reasoned assessment of each claim," under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473 (2000). Id.  Under Slack, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Petitioner was convicted of armed robbery. He claims there was not sufficient evidence proving each element of the crime of armed robbery. The victim was known to carry large sums of money, and when discovered, his wallet was empty, his pockets turned out, and it was evident the someone had rummaged through his dresser drawers. A witness described the victim as "all beaten up," his mouth was full of blood, he had a gash on his face, and he informed police officers that he had been beaten with a metal pipe. This court found that the state appellate court's conclusion that this was sufficient evidence was neither contrary to, nor an unreasonable application of, federal law.

Petitioner claims that his rights under the Confrontation Clause were violated when testimony was allowed that repeated statements made by the victim, who was deceased at the time of trial, in which he identified Petitioner as the person who had beaten and robbed him. The state court thoroughly analyzed the claim under the Ohio v. Roberts, 448 US 86 (1980) standard, and concluded the statements bore sufficient indicia of reliability to be admissible. This court found that the state appellate court's conclusion that this was sufficient evidence was neither contrary to, nor an unreasonable application of, federal law.

Petitioner claims he was denied counsel during a pre-custody photographic line-up in violation of his Constitutional rights. Consistent with Supreme Court authority, e.g Kirby v. Illinois, 406 U.S. 682 (1972); Moran v. Burbine, 475 U.S. 412 (1986), the Michigan Court of Appeals found that Petitioner was not entitled to counsel at a pre-custody photographic line-up.

Petitioner claims that his sentence is invalid because the trial court failed to consider individualized factors in crafting his sentence, and because it violates the principles of proportionality. The "individualized factor" claim is a matter of state law, and under Supreme Court precedent, <u>Harmelin v. Michigan</u>, 501 U.S. 957 (1991), a claim that the state court violated principles of proportionality is not cognizable on habeas review.

Finally, Petitioner claims that he was denied effective assistance of trial counsel where his attorney failed to request a specific jury instruction on identification and decided not to have Petitioner allocute at sentencing. The Michigan appellate courts concluded that the instruction was covered by a different jury instruction that was given, and that Petitioner failed to show he was prejudiced by not allocuting at sentencing. This court found that the state appellate court's conclusion neither contrary to, nor an unreasonable application of, the standard set in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) for analyzing an ineffective assistance of counsel claim.

For the foregoing reasons, and as more fully discussed in the Opinion and Order denying Petitioner's petition for writ of habeas corpus, the court finds that reasonable jurists could not find that this court's denial of Petitioner's petition for writ of habeas corpus was debatable or wrong.

Therefore, the court DENIES Petitioner a Certificate of Appealability.

So ordered this 13th day of June, 2008.

       /s/ Wendell A. Miles
      Wendell A. Miles
      Senior U.S. District Judge